```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                   :
YURI J. STOYANOV
                                   :
    v.                             :  Civil Action No. DKC 07-1953
                                   :
RAY MABUS, SECRETARY OF THE
NAVY, et al.                       :
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Yuri J. Stoyanov, proceeding *pro se*, commenced this action on July 23, 2007, by filing a complaint against Donald C. Winter, who was at that time Secretary of the Navy, and thirteen other naval officers, alleging, *inter alia*, employment discrimination on the basis of national origin and age and violation of the Whistleblower Protection Act.  This was the sixth law suit filed by Plaintiff in a period of just over two years against many of the same defendants, raising similar claims.[1]  Plaintiff's twin brother, Aleksandr J. Stoyanov, commenced a number of similar actions during the same time period.  In one of the first suits filed, Aleksandr Stoyanov described the general tenor of these cases as follows:

> [M]y brother and I ha[ve] filed over twenty . . . EEO discrimination complaints since 2002 to present because agency responsible officials in reckless violation of federal and criminal laws have continued to escalate intentional discrimination against my

---

[1] He has since filed four additional suits.

>       brother and me in 2003, 2004, 2005, and 2006
>       in reprisal for prior EEO and Whistleblowing
>       activities and as part of continuous
>       intentional discrimination on the bases of
>       age and national origin.

(Civ. No. RDB-06-1245, ECF No. 5, at 5).  As each of these EEO complaints has made its way through the administrative process, one or both of the Stoyanovs have filed new law suits.

To stem this litigious tide, Judge Bennett issued an order on May 9, 2007, restricting Plaintiff and his brother "to one active assigned civil case" at a time.  (Civ. No. AMD 06-1245, ECF No. 11, at 3).  In the instant case, Judge Bennett issued an order shortly after the complaint was filed, placing it on the inactive-unassigned docket pending resolution of five other actions.  (ECF No. 2).  The case was subsequently reassigned and administratively closed *nunc pro tunc* to August 13, 2007, the date of Judge Bennett's order.  (ECF No. 5).

Upon Plaintiff's motion, the case was reactivated and reassigned to the active docket on October 19, 2011.  (ECF No. 7).  The court ordered that the docket be amended to substitute Ray Mabus as Secretary of the Navy and the clerk was directed to issue summonses.  On January 13, 2012, Plaintiff purported to file proof of service as to all defendants.  As relevant here, Plaintiff's proof of service upon Defendant Charles Behrle consists of an "affidavit of service" in which Plaintiff asserts that he sent a summons and complaint to Mr. Behrle by certified

mail sent to an address in Warrenton, Virginia, on December 28, 2010. (ECF No. 10, at 1).[2] These documents, however, were apparently returned to Plaintiff, marked "unable to forward/return to sender" by the United States Post Office. (ECF No. 12-3).

Plaintiff subsequently filed the pending "motion to compel [Mr. Behrle's] representative to accept and waive service." (ECF No. 12). Because Assistant United States Attorney John W. Sippel, Jr., has since filed a motion to dismiss or, in the alternative, for summary judgment on behalf of all defendants (ECF No. 16), service of process as to Mr. Behrle has been waived. *See Morgan v. Prince George's County*, Civil Action No. AW-09-1584, 2010 WL 2891700, at *12 (D.Md. July 20, 2010) (finding defendants waived defense of insufficient service of process by filing a motion for summary judgment).[3] Accordingly, this motion has been rendered moot.

Plaintiff has also filed a motion to disqualify Mr. Sippel as defense counsel in this case, arguing in conclusory fashion that counsel has "abused [his] position, intentionally corrupted proceedings, violated court rules, violated laws, deliberately

---

[2] Presumably, Plaintiff intended to assert that the complaint and summons were mailed on December 28, 2011. A copy of a certified mail receipt supports this interpretation. (ECF No. 10-1).

[3] Defendants' motion to dismiss or for summary judgment is not yet ripe for adjudication.

misrepresented facts . . . and intentionally harmed Plaintiff" in one or more prior cases.  (ECF No. 9, at 1).  As Judge Nickerson observed in denying a virtually identical motion in a previous case, "Plaintiff supports th[is] motion[] with nothing more than vague, subjective, and unsubstantiated allegations of misconduct.  Absent some specific evidence of wrongdoing, the extraordinary relief sought is unwarranted."  (Case No. WMN 07-1863, ECF No. 17, at 2).  While Plaintiff acknowledges that he has filed substantially similar motions in multiple prior cases (ECF No. 9, at 2), he has added nothing to the motion in this case that might occasion a different outcome.

Accordingly, it is this 30th day of May, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiff's motion to compel acceptance or waiver of service of process (ECF No. 12) BE, and the same hereby IS, DENIED as moot;

2.   Plaintiff's motion to disqualify defense counsel (ECF No. 9) BE, and the same here by IS, DENIED; and

3.  The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for defendants and directly to Plaintiff.

                                          _____
DEBORAH K. CHASANOW
United States District Judge